No. 13054

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA ex rel
WILLIAM G. CHEBUL,

          Relator,

    -vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
TREASURE AND THE HONORABLE ROBERT H.
WILSON, DISTRICT JUDGE,

          Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relator:

        Ralph Herriott argued, Hysham, Montana

    For Respondents:

        Michael J. Whalen argued, Billings, Montana

---

Submitted: June 9, 1975

Decided: AUG 11 1975

Filed: AUG 11 1975

*Thomas J. Kearney*
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an original proceeding wherein William G. Chebul seeks a stay order relating to distribution and payment of certain royalties to Marjorie Chebul, pending final judgment in a divorce action.

On June 18, 1969, the district court of Yellowstone County, Hon. Charles Sande, presiding, made and entered a decree of separate maintenance for the support of Marjorie Chebul and her daughters. The cause was entitled "Majorie Chebul v. William G. Chebul", Civil Action No. 53053, in Yellowstone County. The decree provided in part:

> "In lieu of all future obligation of the defendant to support the plaintiff, there is hereby set over to her as her separate property for her support and to assist in the support and education of the children of the parties, the property following * * *."

Then the decree listed numerous oil and gas leases owned by William G. Chebul, together with interests in other property set forth and described in particularity. The decree was entered by default. No appeal was taken.

Some five and a half years later, on December 16, 1974, William G. Chebul filed a complaint for a divorce against his wife Marjorie in Cause No. 1154, Treasure County, Montana, Hon. Robert Wilson, presiding judge. In that action plaintiff contends the assignment of the oil and gas leases executed as a direct result of the above quoted portion of the decree of separate maintenance, should be declared invalid and the property of William G. Chebul, and that all such oil and gas leases be free from all lien, charge or encumbrance for the purpose of child support.

As a result of the filing of the complaint for a divorce by William Chebul, all support income to Marjorie and her two daughters was stopped in January 1975. Marjorie alleges that

- 2 -

it has been necessary for her to borrow money to keep her daughters in school as well as to support herself. She is now within one year of obtaining a degree in nursing. William Chebul, through the filing of the action in this Court is attempting to keep the funds involved impounded until there can be a final judgment in the divorce action.

Majorie filed an answer to the divorce complaint and later filed an amended answer and cross-complaint setting forth estoppel and laches as to the ruling that the decree of separate maintenance was mooted. Hearing on the motion to amend was heard in Treasure County on May 23, 1975 by Judge Wilson who took the testimony of Marjorie over the protests of counsel for William, who was not present. The trial court noted at the end of Marjorie's direct and cross-examination:

> "Mr. Whalen, at this point the Court is going to take the position that this matter comes on before the Court at this time not on the merits of whether or not the support is needed or required, but strictly on the legal question of whether or not the previous order of the Court here in Yellowstone County was valid or invalid. I don't need any more evidence at this point, and I will accept no further evidence at this point. I am going to deny the motion to stay, however, I will allow Counsel for William Chebul until the 13th of June to obtain a Writ protecting William's rights in that respect that the previous order of the Court was invalid, but on the 13th day of June if this Court has not been restrained by the higher Court there will be an order entered, ordering the oil companies to continue payment of all past and held and immediate proceeds of the royalties."

It should be noted that additionally the home was set over to Marjorie and has since been sold. Marjorie has received a sum of over $50,000; and, until the divorce action was started, was receiving some $1500 per month. Plaintiff William, in the divorce action, seeks a stay of these payments pending the appeal. Defendant Marjorie has appealed from Judge Wilson's order of May 1, 1975, which order recognized that the property title had not been transferred.

It appears that Marjorie may be entitled to some support payments pending the hearing on the divorce, but from this record we cannot know. However it equally appears that the royalty payments would be dissipated and lost should William prevail. It seems then, in justice, that the royalty payments should be stayed pending a trial on the merits.

Accordingly, this Court directs that the order of May 23, 1975 be set aside, that the district court further consider a reasonable support for Marjorie and the daughters if so indicated and that the balance of the royalty payments be impounded pending hearing on the merits. It is so ordered.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -